UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY RANKIN | CIVIL MATTER |
| VERSUS | NO: 00-3306 |
| BURL CAIN, WARDEN | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court is a *Motion to Vacate Judgment* ("Rule 60(b) motion") **(Rec. Doc. 11)** filed by *pro se* Petitioner Henry Rankin ("Petitioner") and an opposition thereto (Rec. Doc. 16). Petitioner filed a reply (Rec. Doc. 17). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Petitioner is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. After a jury trial, Petitioner was convicted in Louisiana state court of second degree murder pursuant to Louisiana Revised Statute 14:30.1 on December 9, 1982. On January 14, 1983, the trial court sentenced Petitioner to life imprisonment at hard labor. Petitioner appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal, which affirmed his conviction and sentence on April 1, 1985. Upon the expiration of the time for seeking certiorari to the United States Supreme Court, Petitioner's conviction became final on June 30, 1985.

1

Petitioner filed his first application for post-conviction relief in the trial court on August 11, 1988, therein alleging that the trial court erred when it denied him a copy of the initial police report and allowed the district attorney to cross-examine Petitioner regarding other crimes for which he was convicted. (*See* Rec. Doc. 6 at 3). Petitioner also asserted that he should have been granted a new trial because of the discovery of new evidence which would have substantially affected the verdict. (*See* Rec. Doc. 6 at 3). On December 8, 1988, the district judge issued a judgment with reasons denying the post-conviction relief. (*See* Rec. Doc. 6 at 3). Thereafter, Petitioner filed for review in the Louisiana Fourth Circuit, and in the Louisiana Supreme Court. (*See* Rec. Doc. 6 at 3). Petitioner was denied relief on February 6, 1989, and September 14, 1990, respectively. (*See* Rec. Doc. 6 at 3).

In September 1991, Petitioner filed his second motion for post-conviction relief in the trial court, alleging denial of due process regarding non-disclosure of a plea agreement relative to a witness and denial of effective assistance of trial and appellate counsel. (*See* Rec. Doc. 6 at 3). The trial court denied the post-conviction relief on April 28, 1992, via judgment. (*See* Rec. Doc. 6 at 4). The Louisiana Fourth Circuit Court of Appeal denied Petitioner's writ of review. (*See* Rec. Doc. 6 at 4).

On November 28, 1995, the Louisiana Fourth Circuit ruled, granting Petitioner's writ in part and denying in part. (*See* Rec. Doc. 6 at 4). The Fourth Circuit stated:

> The relator claims that he was denied a fair trial when the prosecutor failed to correct misstatements by Curtis Bichman. Upon review we find no error in the trial court's ruling.

> The trial court's findings as to relator's claims of ineffective assistance of counsel are hereby vacated. The trial court is hereby ordered to hold an evidentiary hearing on these claims within sixty (60) days of this order and to furnish this Court with proof of compliance.

*State v. Rankin*, No. 95-K-2305 (La. App. 4 Cir. Nov. 28, 1995).

The trial court conducted an evidentiary hearing on December 20, 1995. (*See* Rec. Doc. 6 at 4). On January 4, 1996, the trial court denied Petitioner's claim. (*See* Rec. Doc. 6 at 4). Petitioner sought relief from the Louisiana Fourth Circuit, which vacated the trial court's judgment, ordered that counsel be appointed to represent Petitioner, and further ordered another evidentiary hearing. *State v. Rankin*, No 97-K-0105 (La. App. 4 Cir. March 18, 1997).

The evidentiary hearing was held on May 22, 1997, and the trial court denied Petitioner's claims after the hearing. (*See* Rec. Doc. 6 at 5). Petitioner filed for supervisory writs in the Louisiana Fourth Circuit on November 20, 1997, alleging denial of a fair and impartial evidentiary hearing and ineffective assistance of counsel. (*See* Rec. Doc. 6 at 5). On December 23, 1997, the Louisiana Fourth Circuit denied relief. (*See* Rec. Doc. 6 at 5). On December 6, 1999, Petitioner filed for supervisory and/or remedial writs in the Louisiana Supreme Court under No. 1999-KH-3394. (*See* Rec. Doc. 6 at 5). The writs were denied on June 2, 2000. (*See* Rec. Doc. 6 at 5).

On November 6, 2000, Petitioner filed a petition for writ of habeas corpus. (Rec. Doc. 1). On February 5, 2001, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied with prejudice as untimely. (Rec. Doc. 6). This Court adopted the Report and Recommendation and

dismissed Petitioner's petition with prejudice on March 6, 2001. (Rec. Doc. 7). That same day, this Court issued judgment in favor of Respondent. (Rec. Doc. 8). In 2010, Petitioner filed a second petition for writ of habeas corpus that was determined to be second or successive and was transferred to the Fifth Circuit. The Fifth Circuit denied Rankin authorization to proceed in 2011. Order, *Rankin v. State of La.*, CV No. 10-067 (E.D. La. March 10, 2011); *In re Rankin*, 11-30240 (5th Cir. April 28, 2011). In 2014, Petitioner filed a third petition for writ of habeas corpus, presenting claims of prosecutorial misconduct and ineffective assistance of counsel. Petition, *Rankin v. Goodwin*, CV No. 14-1618 (E.D. La. July 11, 2014). Petitioner's third petition was deemed second or successive and transferred to the Fifth Circuit, which denied authorization to proceed in 2015. Order, *Rankin v. Goodwin*, CV No. 14-1618 (E.D. La. Sept. 15, 2014); *In re Rankin*, 14-31099 (5th Cir. Feb. 23, 2015). On June 18, 2018, Petitioner filed the instant Rule 60(b) motion. (Rec. Doc. 11). His memorandum raises substantive claims for relief previously presented in his third habeas petition.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" under certain enumerated circumstances. Fed. R. Civ. P. 60(b). The party moving for reconsideration has the burden to show why the Court should vacate the Court's prior judgment. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011). However, granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473,

479 (5th Cir. 2004). A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478.

The Supreme Court has made clear that Rule 60(b) in federal habeas cases is not to be used to attack the district court's resolution of a claim on the merits; rather Rule 60(b) motions may attack a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532–34 (2005). Further, Rule 60 cannot be used to present new claims for relief from the state court conviction unless the motion relies on either a new rule of constitutional law or newly discovered facts as required under AEDPA. *Id.* at 531–532, citing § 2244(b)(2). Motions that purport to be Rule 60(b) motions, but which "attack[] the federal court's previous resolution of a claim *on the merits*" are to be construed as successive habeas petitions. *Id.* at 532 (emphasis in original). Federal courts are limited in their ability to consider "second or successive" habeas applications, and "a claim previously raised must be dismissed." *In re Bower*, 612 F. App'x 748, 752 (5th Cir. 2015); 28 U.S.C. § 2244(b)(1).

Petitioner brings his Rule 60(b) motion pursuant to Rule 60(b)(5) and 60(b)(6) without explicitly distinguishing between the two. Rule 60(b)(5) permits the Court to relieve a party from a judgment or order in cases where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(6) allow for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

5

The Rule 60(b) motion re-asserts the arguments raised in Petitioner's third petition for writ of habeas corpus. Specifically, Petitioner asserts that (1) the district attorney and the state district court judge "knowing and intentionally suppressed the police reports prepared by Detective John Dillion, contrary to the reports used at trial prepared by a police officer who responded to the Petitioner's complaint of having been assaulted and robbed;" and (2) Petitioner was "rendered ineffective assistance of counsel through state involvement where the prosecution suppressed police reports housing exculpatory Brady material." (Rec. Doc. 11 at 5).

"[A] Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). Thus, in order for Petitioner to make a valid Rule 60(b) motion, "[h]e needed to show 'that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Id.* at 846-47 (quoting *Gonzalez*, 545 U.S. at 532 n. 4). In the present case, none of the conditions for granting relief under Rule 60(b)(5) are satisfied. Moreover, the Fifth Circuit has long held that a change in decisional law, such as that effected by *McQuiggin v. Perkins*, 569 U.S. 383 (2013), is not an "extraordinary circumstance" justifying relief from judgment under Rule 60(b)(6). *See Adams v. Thaler*, 679 F.3d 312, 319-20 (5th Cir. 2014). Additionally, the Fifth Circuit has already determined that Petitioner's *Brady* allegations and new evidence fail to show either actual innocence or that he was unable to assert his claims at an earlier time.

*See In re Rankin*, 14-31099 (5th Cir. Feb. 23, 2015). Based on the foregoing, Petitioner's Rule 60(b) motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Vacate Judgment* **(Rec. Doc. 11)** is **DENIED**.

New Orleans, Louisiana, this 14th day of March, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE